IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| THOMAS WRIGHT NEAL, | ) | |
| | ) | |
| Petitioner, | ) | 4:05cv3054 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on filing no. 11, the Motion for Summary Judgment filed by the respondent. In his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 petition"), the petitioner, Thomas Wright Neal, alleges violations of his civil rights in connection with his conviction in the District Court of Madison County, Nebraska, of manslaughter and tampering with evidence. The respondent seeks summary judgment on the ground that none of the petitioner's § 2254 claims has been presented in a petition for further review to the Nebraska Supreme Court.

To complete exhaustion of state-court remedies, as required by 28 U.S.C. § 2254(b)(1), a prospective § 2254 petitioner must give the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before filing for federal habeas relief. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. See Akins v. Kenney, No. 02-1913, __ F.3d __, 2005 WL 1322694 at *3 (8th Cir. June 6, 2005):

> Nothing in Nebraska law "plainly states that a [petition for further review in the Nebraska Supreme Court] is an extraordinary remedy outside the standard review process," Dixon v. Dormire, 263 F.3d 774, 779 (8th Cir. 2001), and in fact, the rules indicate that such a procedure is considered the ordinary process because the mandate may not issue until the time for filing such a petition has lapsed.

Thus, a Nebraska petitioner's habeas claims are procedurally defaulted if they have not been presented to the Nebraska Supreme Court in a petition for further review. Procedurally defaulted claims cannot be considered by this court unless the default is excused. Hatcher v. Hopkins, 256 F.3d 761, 763 (8th Cir. 2001).

However, in Akins v. Kenney, the Eighth Circuit emphasized that habeas petitioners

1

must receive an opportunity to demonstrate a basis for excusing procedural default. Akins v. Kenney, 2005 WL 1322694 at *4 n.1. To excuse procedural default, a petitioner must demonstrate either cause for the default and actual prejudice as a result of the alleged violation of federal law, or, in rare cases, that failure to consider the claim will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991).

Although the Supreme Court has "not identified with precision exactly what constitutes 'cause' to excuse a procedural default, [the Court has] acknowledged that in certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will suffice .... Not just any deficiency in counsel's performance will do, however; the assistance must have been so ineffective as to violate the Federal Constitution." Edwards v. Carpenter, 529 U.S. 446, 451 (2000). However, a federal habeas court is barred from considering an ineffective-assistance-of-counsel claim as "cause" for the procedural default of another claim if the ineffective-assistance claim has itself been inexcusably procedurally defaulted. Id. Other than ineffective assistance of counsel, "cause" to excuse a procedural default must be based on an objective impediment external to the defense. See, e.g., Strickler v. Greene, 527 U.S. 263, 283 n. 24 (1999): "[W]e think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. Without attempting an exhaustive catalog of such objective impediments to compliance with a procedural rule, we note that a showing that the factual or legal basis for a claim was not reasonably available to counsel, ... or that 'some interference by officials,' ... made compliance impracticable, would constitute cause under this standard."

On the meaning of "fundamental miscarriage of justice," see, e.g., Bousley v. United States, 523 U.S. 614, 623 (1998): "Petitioner's claim may still be reviewed in [a] collateral proceeding if he can establish that the constitutional error in his [state proceeding] 'has probably resulted in the conviction of one who is actually innocent.'... To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Id., *citing* Schlup v. Delo, 513 U.S. 298, 327-28, (1995) (internal quotation marks omitted). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." Bousley, 523 U.S. at 623.

However, no claim of factual innocence may be considered before any other basis for relief. See Dretke v. Haley, 541 U.S. 386, 393-94 (2004): "[A] federal court faced with allegations of actual innocence, whether of the sentence or of the crime charged, must first address all nondefaulted claims for comparable relief and other grounds for cause to excuse the procedural default."

THEREFORE, IT IS ORDERED:

1. That filing no. 11, the respondent's Motion for Summary Judgment, is granted insofar as the record reflects that the petitioner's § 2254 claims are procedurally defaulted;

2.That the petitioner shall have until July 8, 2005 to submit a brief addressing, as to each procedurally defaulted § 2254 claim, why the default should be excused;

3.That if the respondent wishes to reply to the petitioner's brief, he may do so by July 22, 2005; and

4.That in the absence of a timely and sufficient demonstration by the petitioner of a basis for excusing the procedural default of his § 2254 claims, the § 2254 petition and this action will be subject to dismissal without further notice.

DATED this 21st day of June, 2005.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge