IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| THOMAS WRIGHT NEAL, | ) | |
| | ) | |
| Petitioner, | ) | 4:05cv3054 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on filing no. 17, the Motion for Reconsideration filed by the petitioner, Thomas Wright Neal. Filing no. 17 is in the nature of a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(6) and, as such, is timely. The plaintiff asks the court to reconsider the Memorandum and Order and Judgment (filing nos. 15 and 16) filed on August 1, 2005, dismissing his Petition for Writ of Habeas Corpus ("§ 2254 petition") with prejudice.

In filing nos. 15 and 16, I noted that, in my Memorandum and Order filed on June 21, 2005 ( filing no. 14), I granted the respondent's Motion for Summary Judgment, finding that the petitioner's habeas claims are procedurally defaulted. However, in filing no. 14, I gave the petitioner an opportunity to submit a brief addressing, as to each procedurally defaulted habeas claim, why the default should be excused. The deadline for the petitioner's brief was July 8, 2005, but the petitioner did not file a brief, move for an extension of time or otherwise respond. Therefore, I entered judgment on August 1, 2005.

The petitioner explains in his Motion for Reconsideration that as an inmate in Nebraska's maximum security prison, he has restricted access to limited legal materials. Because a computer system was not operating for the three months of June through August of 2005, the petitioner had no access to legal materials at all during the time he was to respond to the court's order. In addition, the petitioner had been removed from the general prison population and placed in a substance abuse program. His efforts to obtain help were unsuccessful, and he has limited understanding of the law.

In the circumstances, I find that the petitioner should have another opportunity to submit a showing of cause and prejudice to excuse his procedural default, if possible. Therefore, filing no. 17, the petitioner's Motion for Reconsideration, is granted. The Judgment entered in this case on August 1, 2005 (filing no. 16) is hereby vacated, and this case shall be reinstated to the court's active docket. The petitioner shall have until December 1, 2005 to file his brief. The petitioner is encouraged to notify the court, *before* the deadline expires, if he will need an additional extension of time. Extensions are usually freely granted.

THEREFORE, IT IS ORDERED:

1. That filing no. 17, the petitioner's Motion for Reconsideration, is granted;

2. That filing no. 16, the Judgment of August 1, 2005, is hereby vacated;

3. That this case shall be reinstated to the court's active docket; and

4. That the petitioner shall have until December 1, 2005 to file his brief addressing, as to each procedurally defaulted habeas claim, why the default should be excused.

DATED this 3rd day of October, 2005.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge