IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| THOMAS WRIGHT NEAL, | ) |
| Petitioner, | ) 4:05CV3054 |
| vs. | ) MEMORANDUM AND ORDER |
| ROBERT HOUSTON, | ) |
| Respondent. | ) |

This matter is before the court on filing nos. 19, 20, 21 and 23, the Objection to Summary Judgment and supporting briefs filed by the petitioner, Thomas Wright Neal, and filing no. 22, the Response by the respondent to the petitioner's filings.  The issue before the court is whether Mr. Neal's Petition for Writ of Habeas Corpus ("§ 2254 petition") must be dismissed on the basis of procedural default or whether the petitioner has shown cause and prejudice to excuse the default.

The petitioner alleges habeas corpus claims in connection with his conviction in the District Court of Madison County, Nebraska, of manslaughter and tampering with evidence.  It is a cardinal principle of federal habeas corpus law that a habeas claim must have been fairly presented to, i.e., exhausted in, the state district and appellate courts before such claim reaches a federal district court in a § 2254 petition.

The respondent has established, and the petitioner concedes, that none of the petitioner's habeas claims have been presented in a petition for further review to the Nebraska Supreme Court.  A petitioner must file a petition for further review with the Nebraska Supreme Court in order to exhaust his available state court remedies.  Akins v. Kenney, 410 F.3d 451, 454 (8th Cir. 2005).

1

An "unexhausted" habeas claim means both that the claim has not been fairly presented in "one complete round of the State's established appellate review process," O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999), but also that the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented," 28 U.S.C. § 2254(c). If a claim has not been presented to the Nebraska appellate courts, including in a petition for further review to the Nebraska Supreme Court, and the claim is now barred from presentation,[1] the claim is procedurally defaulted, not unexhausted. Akins v. Kenney, 410 F.3d 451, 456 n. 1 (8th Cir. 2005). In that event, the petitioner is entitled to an opportunity to demonstrate cause and prejudice to excuse the procedural default. Id.

I previously entered judgment against the petitioner on the basis of procedural default of all of his § 2254 claims. However, I subsequently granted his Motion to Reconsider, and I vacated the Judgment to allow the petitioner another opportunity to demonstrate cause and prejudice to excuse the procedural default of his claims. The petitioner explains that the failure to present his habeas claims in a petition for further review to the Nebraska Supreme Court is attributable to the ineffective assistance of counsel by the attorney appointed to represent him in his state postconviction proceedings

---

[1]The petitioner's habeas claims are barred from further presentation to the Nebraska state courts. See, e.g., State v. Lotter, 664 N.W.2d 892, 922 (Neb. 2003) and Hall v. State, 646 N.W.2d 572, 579 (Neb. 2002) (under Nebraska law, a motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal). In addition, "[a]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion." State v. Ortiz, 670 N.W.2d 788, 792 (Neb. 2003).

and to that attorney's failure, in representing the petitioner, to observe the ethical responsibilities incumbent upon members of the practicing bar.

As the respondent points out, however, the Eighth Circuit Court of Appeals has recently ruled that ineffective assistance of state postconviction counsel will not be considered "cause" to excuse procedural default of a habeas claim. See Armstrong v. Iowa, 418 F.3d 924, 927 (8th Cir. 2005):

> Armstrong argues that the ineffective assistance of his state post-conviction counsel in failing to appeal to the Supreme Court of Iowa violated his Sixth and Fourteenth Amendment rights and therefore was cause excusing his procedural default in state court .... We have consistently construed Coleman v. Thompson, 501 U.S. at 752-54[2], ... as confirming that there is no Sixth Amendment right to the effective assistance of post-conviction counsel. See, e.g., Nolan v. Armontrout, 973 F.2d 615, 617 (8th Cir. 1992). Armstrong urges us to reconsider these decisions, but as a panel of the Court we may not do so.
>
> Alternatively, Armstrong argues that the district court erred in failing to grant a hearing on whether there was cause and prejudice excusing his procedural default in state court. However, the only cause asserted was counsel's ineffective assistance in failing to appeal the denial of state post-conviction relief. **As there is no Sixth Amendment right to effective assistance of post-conviction counsel, the cause alleged by Armstrong was insufficient as a matter of law and therefore properly denied without a hearing.**

(Emphasis added.) This court is bound by decisions of the Eighth Circuit Court of Appeals.

The other exception to the bar of procedural default requires the petitioner to demonstrate that failure to review his habeas claims will result in a miscarriage of justice. The "miscarriage of justice" exception requires review of a procedurally barred claim only

---

[2]To excuse procedural default, a petitioner must demonstrate either cause for the default and actual prejudice as a result of the alleged violation of federal law, or, in rare cases, that failure to consider the claim will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991).

3

in the extraordinary case where a fundamental miscarriage of justice would otherwise occur. The petitioner has not demonstrated any unusual circumstances indicating that this court's failure to consider his habeas claims will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991).

Usually, "fundamental miscarriage of justice," means innocence of the offense(s) of conviction. See, e.g., Osborne v. Purkett, 411 F.3d 911, 920 (8th Cir. 2005):

> "[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for procedural default." Murray v. Carrier, 477 U.S. 478, 496 ...(1986). The requirements to establish the requisite probability of innocence are high. Osborne must first come forward with "new" evidence, Amrine v. Bowersox, 238 F.3d 1023, 1029 (8th Cir.), cert. denied, 534 U.S. 963 ... (2001), and then he must show that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Schlup v. Delo, 513 U.S. 298, 327 ... (1995). Evidence is only "new" if it was "not available at trial and could not have been discovered earlier through the exercise of due diligence." Amrine, 238 F.3d at 1029.

"It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). The petitioner has made no showing of actual innocence, and he has come forward with no new evidence.

In light of the foregoing legal authority, the procedural default of the petitioner's § 2254 claims cannot be excused. Consequently, judgment will be entered dismissing the petitioner's § 2254 petition.

THEREFORE, IT IS ORDERED:

1.  That filing no. 19, the petitioner's Objection to Summary Judgment, is denied;

2.  That the Petition for Writ of Habeas Corpus filed by Thomas Wright Neal is

4

denied and dismissed; and

3. That a separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 20th day of March, 2006.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge